FILED
2018 OCT -2 AM 11:00
CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____ C_____
DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| OSCAR ARMANDO AVILA-JAIMES | § § | |
| V. | § | CAUSE NO. A-18-CV-437-SS |
| | § | [A-14-CR-300(1)-SS] |
| UNITED STATES OF AMERICA | § § | |

## ORDER

BE IT REMEMBERED on this day, the Court reviewed the file in the above-styled cause, and specifically Movant Oscar Avila-Jaimes's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. (ECF No. 978). Having considered the motion, the governing law, and the file as a whole, the Court now enters the following opinion and order denying Avila-Jaimes's motion.

### Background

An indictment returned October 7, 2014, charged Avila-Jaimes and twenty-one codefendants with one count of conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. § 846, and seven counts of possession with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1). (ECF No. 1). Avila-Jaimes was represented by retained counsel throughout his criminal proceedings.

On March 4, 2015, pursuant to a plea agreement and at the conclusion of a Rule 11 hearing, Avila-James pleaded guilty to both counts of a sealed superseding information, charging one count of possession with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), and one count of engaging in monetary transactions in property derived from unlawful activity, in violation of 18 U.S.C. § 1957. (ECF No. 479). In return for his guilty pleas,

the Government agreed to cap Avila-Jaimes's sentence at a total of twenty years' imprisonment and to cap the amount of cocaine attributable to his participation in the conspiracy at 50 kilograms. (ECF No. 872 at 94). The written plea agreement included a waiver of Avila-Jaimes's right to appeal and to collaterally attack his conviction and sentence, other than to assert a claim of ineffective assistance of counsel or prosecutorial misconduct, and it included a factual basis for his guilty plea. (ECF No. 466).[1]

A Presentence Investigation Report ("PSR") was prepared. The PSR increased Avila-Jaimes's offense level by four points because he was an organizer or leader of criminal activity involving five or more participants and he directed at least two conspirators to collect bulk currency. (ECF No. 681).[2] The PSR decreased his offense level by three points for acceptance of responsibility. (*Id.*). The PSR calculated a total offense level of 38 and a criminal history score of I, arriving at a guideline range of imprisonment between 235 to 293 months imprisonment. (*Id.*). Defense counsel filed objections to the PSR, including an objection to the amount of cocaine (50 kilograms) found attributable to Avila-Jaimes's participation in the conspiracy and an objection to the finding of his leadership role in the conspiracy. (ECF No. 681; ECF No. 872 at 98-101).

On June 8, 2015, Avila-Jaimes's counsel filed a motion to withdraw. (ECF No. 647). The motion was denied on June 9, 2015. (ECF No. 660). On June 11, 2015, at the conclusion of an evidentiary hearing and after overruling Avila-Jaimes's objections to the PSR, the Court sentenced

---

[1] Based on information from confidential informants, a cooperating defendant, surveillance, controlled buys, and Title III wire and electronic intercepts, law enforcement eventually executed a search warrant at Avila-Jaimes' residence, finding "a black duffle bag in one of AVILES-Jaimes vehicles parked in the driveway of the residence; the bag contained 10 bricks (10.262 kg) [of cocaine]. Inside AVILA-Jaimes' bedroom Agents found a loaded .40 caliber hand gun and $82,312 in drug proceeds." (ECF No. 466 at 12).

[2] At the time the PSR was prepared, three of Avila-Jaimes' codefendants were fugitives and all of the other codefendants had pleaded guilty and were awaiting sentencing.

Avila-Jaimes to concurrent terms of 240 months' imprisonment on the drug charge and 120 months' imprisonment on the money-laundering charge, ordered the sentences to be followed by five years of supervised release, and ordered Avila-Jaimes to forfeit the $82,312 in drug proceeds seized from his residence. (ECF No. 745).

Avila-Jaimes appealed his conviction and sentence. (ECF No. 744). He asserted his guilty plea and waiver of an appeal were unknowing and involuntary because he required an interpreter and he was not familiar with federal criminal procedure. (ECF No. 962 at 4). He argued the Court erred by failing to grant his "motion" to withdraw his guilty plea, and alleged he was denied the effective assistance of counsel. (ECF No. 962 at 7-8). Avila-Jaimes also asserted the Court erred by enhancing his offense level by four points for his position as a leader or organizer of the conspiracy. (ECF No. 962 at 8). The Fifth Circuit Court of Appeals declined to address the ineffective assistance of counsel claim. (ECF No. 962 at 8). The Fifth Circuit concluded Avila-Jaimes's guilty plea was knowing and voluntary, rejected his claim of trial court error on the merits, and affirmed his conviction and sentence. (ECF No. 962).

Avila-Jaimes, through counsel, filed a timely motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. (ECF No. 978). He asserts he was denied the effective assistance of counsel because counsel did not "adequately apprise [him] as to the effects of his guilty plea." (ECF No. 978 at 4). He further contends his sentence violates the Eighth Amendment because it is disproportionate to both his crime and his codefendants' sentences. (ECF No. 978 at 4-5). Avila-Jaimes asks the Court to vacate his guilty plea and sentence, and to grant an evidentiary hearing to determine if he was denied the effective assistance of counsel and on the issue of the "[p]roper []application of [the] Guidelines." (ECF No. 978 at 13).

## Analysis

### I. Section 2255-Legal Standard

Generally, there are four grounds upon which a defendant may move to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255: (1) the imposition of a sentence in violation of the Constitution or the laws of the United States; (2) a lack of jurisdiction of the district court that imposed the sentence; (3) the imposition of a sentence in excess of the maximum authorized by law; and (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Section 2255 is an extraordinary measure; it cannot be used for errors that are not constitutional or jurisdictional if those errors could have been raised on direct appeal. *United States v. Stumpf*, 900 F.2d 842, 845 (5th Cir. 1990). Notably, misapplications of the Sentencing Guidelines are neither constitutional nor jurisdictional and, therefore, are not cognizable in a § 2255 action. *See United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999); *United States v. Segler*, 37 F.3d 1131, 1134 (5th Cir. 1994).

### II. Application

#### A. Ineffective assistance of counsel - plea proceedings

In his § 2255 motion, Avila-Jaimes asserts he was denied the effective assistance of counsel "during the plea negotiation process, at the plea proceeding, and then at sentencing . . ." (ECF No. 980 at 25). Avila-Jaimes contends counsel did not ensure he fully understood his waiver of his constitutional rights and did not "adequately apprise [Avila-Jaimes] as to the effects of his guilty plea." (ECF No. 978 at 4). Avila-Jaimes alleges he "did not understand what was going on, had not been fully informed as to what rights he was waiving, clearly had not had the requisite opportunity to review and comprehend the plea terms, and did not understand what or even why he was pleading guilty." (ECF No. 980 at 6). Although Avila-Jaimes waived his right to collaterally

4

attack his conviction and sentence in his plea agreement, this waiver excepted claims of ineffective assistance of counsel. (ECF No. 466). Additionally, even if a defendant waives his right to collaterally attack his conviction and sentence, he can avoid those waivers based on ineffective assistance of counsel if he establishes "the claimed assistance directly affected the validity of that waiver or the plea itself." *United States v. White*, 307 F.3d 336, 343 (5th Cir. 2002); *Blancas v. United States*, 344 F. Supp. 2d 507, 528 (W.D. Tex. 2004).

The Sixth Amendment guarantees criminal defendants the right to effective assistance of counsel, including the effective assistance of counsel when entering a guilty plea. *Lee v. United States*, 137 S. Ct. 1958, 1964 (2017). An ineffective assistance of counsel claim in the context of a guilty plea is subject to the same standard as any other ineffective assistance claim, i.e., the *Strickland* standard. *Hill v. Lockhart*, 474 U.S. 52, 57 (1985). To successfully state a *Strickland* claim, a movant must demonstrate his counsel's performance was deficient and the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The burden of proof is on the movant alleging ineffective assistance of counsel. *United States v. Chavez*, 193 F.3d 375, 378 (5th Cir. 1999).

To satisfy the first prong of the *Strickland* test, a movant must establish his counsel's performance fell below an objective standard of reasonable competence. *Lockhart v. Fretwell*, 506 U.S. 364, 369-70 (1993). "To show that his attorney's performance was deficient, [Avila-Jaimes] must show that the attorney's representation fell below an objective standard of reasonableness and that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." *United States v. Kayode*, 777 F.3d 719, 723 (5th Cir. 2014) (internal quotations omitted).

5

In the context of a guilty plea, *Strickland*'s "prejudice" analysis "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." *Hill*, 474 U.S. at 58. Accordingly, to satisfy the prejudice test the movant must show "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.* A movant may also establish prejudice arising from counsel's alleged deficiencies by showing he "would have [had] a reasonable chance of obtaining a more favorable result" absent counsel's errors, i.e., an acquittal or a lesser sentence at trial. *United States v. Batamula*, 823 F.3d 237, 240 (5th Cir.), *cert. denied*, 137 S. Ct. 236 (2016).

Avila-Jaimes must affirmatively plead the actual prejudice resulting from his counsel's deficiencies. *Hill*, 474 U.S. at 60. The probability of prejudice may not be based upon conjecture or speculation. *United States v. Woods*, 870 F.2d 285, 288 n.3 (5th Cir. 1989). Reviewing courts must consider the totality of the evidence before the finder of fact in assessing whether the result would likely have been different absent the alleged errors of counsel. *Strickland*, 466 U.S. at 695-96. Furthermore, a court's prediction about whether the defendant had a reasonable chance of obtaining a more favorable result should be made objectively. *Batamula*, 823 F.3d at 240 (citing *Pilla v. United States*, 668 F.3d 368, 373 (6th Cir. 2012) ("[Defendant] cannot [show prejudice] merely by telling us now that she would have gone to trial then if she had gotten different advice. The test is objective, not subjective[.]")).

Avila-Jaimes claims he was induced to plead guilty under the assumption he could contest his factual guilt. However, he has not produced any evidence that his counsel, or anyone else, advised or promised him he could plead guilty and then contest his factual guilt. Moreover, Avila-Jaimes's allegation is refuted by the record in this matter. At his Rule 11 hearing, Avila-Jaimes told the Magistrate Judge he had discussed his case with counsel, including

6

"anything [he] thought [counsel] needed to know about [him] or about [his] case so that [counsel] could do a good job representing [him]." (ECF No. 871 at 5, 7). Defense counsel informed the Magistrate Judge the plea agreement provided Movant could contest issues related to sentencing. (*Id.* at 19-20). Avila-Jaimes told the court the plea agreement was translated for him, he had discussed the plea agreement with counsel, and he understood the terms of the plea agreement. (*Id.* at 8). Avila-Jaimes stated he had discussed entering a guilty plea with his counsel and declared he was satisfied with counsel's representation and advice. (*Id.* at 7, 24, 27). After conferring with his counsel during the hearing, Avila-Jaimes stated counsel had answered his questions and he was ready to proceed with his plea. (*Id.* at 13, 17). Avila-Jaimes told the court he was "freely and voluntarily" pleading guilty, and he was pleading guilty because he was guilty and for no other reason. (*Id.* at 38). He acknowledged he had read the factual basis for his guilty plea contained in the plea agreement and discussed it with his counsel, and declared under oath the factual basis was "true and correct about what happened in [his] case and about what [he] did." (*Id.* at 40).

Avila-Jaimes has not met his burden of establishing his counsel's performance was deficient because counsel failed to adequately advise him regarding his guilty plea. This allegation is refuted by the record, i.e., Avila-Jaimes's sworn statements that he had discussed the plea agreement with his counsel, he understood the terms of the plea agreement, and he was satisfied with his counsel's representation. "[A] defendant ordinarily will not be heard to refute [his] testimony given at a plea hearing while under oath." *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998). "'Solemn declarations in open court carry a strong presumption of verity,' forming a 'formidable barrier in any subsequent collateral proceedings.'" *Id.* (quoting *Blackledge v. Allison*, 431 U.S. 63, 73-74, (1977)). A movant is not entitled to relief on a claim of an invalid guilty plea absent independent indicia of the likely merits of the claim, typically in the form of one

or more affidavits from reliable third parties. *Id.* If the petitioner fails to meet his burden of proof with regard to his claim, relief may be denied in the light of other evidence in the record. *Id.* Avila-Jaimes presents no independent indicia to support his claim of ineffective assistance of counsel based on counsel's alleged failure to adequately advise him regarding his guilty plea and the terms of the plea agreement.

Nor can Avila-Jaimes show he was prejudiced by counsel's alleged failure to ensure he understood the plea agreement. A judge's admonitions during a plea colloquy are not a substitute for effective assistance of counsel and, therefore, the admonitions have no bearing on the first prong of the *Strickland* test. *United States v. Kayode*, 777 F.3d 719, 728-29 (5th Cir. 2014). "However, while judicial admonishments are not a substitute for effective assistance of counsel, they are relevant under the second *Strickland* prong in determining whether a defendant was prejudiced by counsel's error." *Id.* At the Rule 11 hearing the Magistrate Judge addressed any confusion about the plea agreement by clarifying the scope of Avila-Jaimes's reserved and forfeited rights. Notably, the following colloquies occurred during the Rule 11 hearing:

> THE COURT: As to Count 2, the money-laundering charge, how do you wish to plead, guilty or not guilty?
> DEFENDANT AVILA: Well, it's guilty, but that needs to be clear that I'm accepting but I have the right to fight for against what I'm being charged with.
> THE COURT: Okay. So let me make sure you understand that if you plead guilty to this charge, you're admitting what's set out here. So your right to contest what's charged will — you know, you're giving up that right by pleading guilty. You're saying, I'm guilty of this charge. Now, that charge is that, as you heard read, that between October of 2013 and July — roughly, July of 2014, that you attempted or did engage in a monetary transaction, specifically, having Mr. Eugenio Lucio do this travel to Brownsville with this money, and that when he was stopped, he was found with this money. So if you plead guilty to this charge, you're admitting all of that. If you're not ready to admit to that, you know, I can't — I can't have you plead guilty today.
> DEFENDANT AVILA: No. That's fine.
> THE COURT: So you understand that that's what you're admitting to?
> DEFENDANT AVILA: Yes.

8

> THE COURT: And you accept that you're guilty of Count 2, then?
> DEFENDANT AVILA: Yes.
> THE COURT: Are you okay with that?
> DEFENDANT AVILA: Yes.

(ECF No. 871 at 37-38).

> THE COURT: And then, finally, Mr. Avila, you've seemed a little hesitant here. And you did take a break during the proceeding to talk further with your attorney. It's an important decision to plead guilty. And so, I want to make sure that you're comfortable with your decision and that you're making your decision to plead guilty freely and this is what you want to do.
> DEFENDANT AVILA: Yes. Like I said before, I have signed the agreement because it includes a clause where I have a right to contest those things.
> THE COURT: Okay. So just so you understand what you've kept in that agreement, the rights that you have to contest things will be about sentencing, and it will be about —
> DEFENDANT AVILA: Yes.
> THE COURT: — how responsible you should be held or not held. How much money may or may not have transported.
> DEFENDANT AVILA: Yes.
> THE COURT: The drug quantity, you've got an agreement with the government about that. But you can talk about less than 50 kilograms, what the correct amount is, that sort of thing. Do you understand that that's the limit?
> DEFENDANT AVILA: Yes.
> THE COURT: *But you're not going to be able to say, I didn't do this at all.*
> DEFENDANT AVILA: *Yes.*
> THE COURT: *Do you understand that?* Okay. All right.
> *And with that understanding, you're comfortable with your plea?*
> DEFENDANT AVILA: *Yes.*
> THE COURT: *Okay. Do you have any questions?*
> DEFENDANT AVILA: *No.*

(*Id.* at 42-43) (emphasis added).

Accordingly, even if Avila-Jaimes could show his counsel's performance was deficient, he is unable to establish the requisite prejudice because Avila-Jaimes was advised as to the rights he was waiving by pleading guilty, and he knowingly and voluntary stated he was factually guilty of the crimes of conviction.

9

Moreover, Avila-Jaimes has not established a reasonable probability the result of the proceeding would have been different but for counsel's unprofessional errors. *Hill*, 474 U.S. at 58. The evidence against Avila-Jaimes was substantial, including electronic surveillance, the statements of confidential informants, the statements of codefendants, and evidence seized as a result of a valid search warrant — there is little likelihood Avila-Jaimes would have been acquitted had he insisted on going to trial on all of the charges stated in the indictment, and he has not shown he would have received a lesser sentence had he proceeded to trial. The plea agreement "capped" Avila-Jaimes's sentence at a term of twenty years' imprisonment; had he proceeded to trial on the charges stated in the indictment and been found guilty he faced a potential sentence of life imprisonment. (ECF No. 656 at 6).

### B. Ineffective assistance of counsel - sentencing

Avila-Jaimes also fails to demonstrate counsel's representation during the sentencing hearing fell below objective standards of reasonableness. He argues the testimony of DEA Special Agent Rich regarding Avila-Jaimes's leadership role in the conspiracy was conclusory and hearsay, implying counsel erred by failing to object to this testimony. (ECF No. 980 at 11). However, during sentencing a district judge may properly consider any relevant evidence without regard to its admissibility under the rules of evidence applicable at trial, provided the information has sufficient indicia of reliability to support its probable accuracy. *United States v. Gaytan*, 74 F.3d 545, 558 (5th Cir. 1996); *United States v. Thomas*, 12 F.3d 1350, 1372 (5th Cir. 1994). Even uncorroborated hearsay, offered as sworn testimony by a government agent at a sentencing hearing, bears sufficient indicia of reliability to support a district court's decision regarding sentencing. *United States v. Nava*, 624 F.3d 226, 230-31 (5th Cir. 2010); *United States v. Roush*, 466 F.3d 380, 387 (5th Cir. 2006); *Gaytan*, 74 F.3d at 558; *Thomas*, 12 F.3d at 1372. Counsel's

10

"failure" to object to the agent's testimony cannot be considered ineffective assistance because counsel is not deficient for failing to raise a non-meritorious objection. *United States v. Kimler*, 167 F.3d 889, 893 (5th Cir. 1999).

Avila-Jaimes also alleges his counsel made little effort to establish Avila-Jaimes's lesser role in the conspiracy. This allegation is contradicted by the record, which reveals counsel questioned Special Agent Rich regarding his conclusion that Avila-Jaimes was a leader of the conspiracy. (ECF No. 872 at 27-40). Furthermore, Avila-Jaimes's leadership role in the conspiracy was documented by surveillance, wire taps, and the information provided by codefendants and confidential informants.

### C. Ineffective assistance of counsel - failure to investigate

Avila-Jaimes is unable to prove counsel was ineffective for failing to investigate exculpatory evidence regarding the charge of money laundering; he alleges the cash recovered during the search of his residence was the legitimate proceeds of automobile sales. This allegation is contradicted by Avila-Jaimes's statements, in his plea agreement and at his Rule 11 hearing, regarding his satisfaction with counsel's representation. Additionally, at his Rule 11 hearing, Avila-Jaimes testified he had presented all relevant information to his attorney. (ECF No. 871 at 5, 7). Avila-Jaimes's statements at his Rule 11 hearing, with regard to his satisfaction with counsel's representation and the facts supporting his guilt "trump" his current statements to the contrary. *United States v. Cothran*, 302 F.3d 279, 284 (5th Cir. 2002) (giving statements during a plea colloquy "greater weight than unsupported, after-the-fact, self-serving assertions"). Furthermore, even if Avila-Jaimes obtained some income through legitimate automobile sales, as he alleges (ECF No. 980 at 29), this would not prove he did not launder money obtained from drug trafficking. Notably, more than $80,000 in cash was seized from Avila-Jaimes's home — it is not

likely this sum would have been remitted to him in cash if it was the result of legitimate income. Nor has Avila-Jaimes shown he would not have accepted the plea offer but would have insisted on going to trial and received a lesser sentence but for his counsel's alleged failure to investigate potentially exculpatory evidence regarding the money laundering charge. The written factual basis for his guilty plea, which Avila-Jaimes acknowledged was true and correct, is sufficient to establish his guilt on the charge of money laundering.

### D. Disproportionate sentence

Avila-Jaimes alleges his sentence violates the Eighth Amendment because it is not "proportionate to the crime for which the defendant was convicted" and the sentence is "out of proportion" to the sentences "imposed upon all other similarly situated individuals." (ECF No. 980 at 20-21, 22). He argues, citing to a case decided by the United States District Court for the District of Massachusetts, "this principle can be applied equally to codefendants where the disparity is unjustified and it is of a significant amount." (ECF No. 980 at 22). He notes:

> Mr. Avila-Jaimes['s] sentence was the highest of all of the named defendants, and above that of the second highest by 72 months! And, after that, the third highest sentence was surpassed by 143 months! The average sentence imposed, on his co-defendants, was 50 months; Mr. Avila-Jaimes['s] sentence of 240 months was almost 500% above that!

(ECF No. 980 at 23).

Constitutional errors, such as an Eighth Amendment claim, may be addressed in a § 2255 action only if such errors could not have been raised in a direct appeal. *United States v. Webster*, 392 F.3d 787, 799-800 (5th Cir. 2004); *United States v. Seyfert*, 67 F.3d 544, 546 (5th Cir. 1995); *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991). To have such a claim considered on the merits, the movant must show both "cause" excusing their failure to raise the issue on appeal and "actual prejudice" resulting from the claimed error. *United States v. Frady*, 456 U.S. 152, 167

(1982); *United States v. Acklen*, 47 F.3d 739, 741 (5th Cir. 1995); *Shaid*, 937 F.2d at 232. Avila-Jaimes makes no showing of cause and prejudice with regard to his failure to present this claim in his direct appeal.

Avila-Jaimes is unable to establish prejudice arising from his procedural default of his Eighth Amendment claim, because it is without merit. Avila-Jaimes was sentenced within the relevant guidelines range and his sentence was within the statutory maximum. A sentence prescribed by the United States Sentencing Guidelines and within the statutory maximums established by Congress is unlikely to raise Eighth Amendment issues. *United States v. Sullivan*, 895 F.2d 1030, 1033 (5th Cir. 1990). The Fifth Circuit Court of Appeals has "recognized that the Guidelines are a 'convincing objective indicator of proportionality.'" *United States v. Cardenas–Alvarez*, 987 F.2d 1129, 1134 (5th Cir. 1993); see also *United States v. Manotas-Mejia*, 824 F.2d 360, 367 (5th Cir. 1987) (holding imposition of the maximum prison sentence for conspiracy to possess with the intent to distribute four kilograms of cocaine did not violate the Eighth Amendment). Moreover, the United States Supreme Court has held lengthy sentences, even for first time offenders, do not violate the Eighth Amendment. *Harmelin v. Michigan*, 501 U.S. 957, 994-95 (1991) (holding a mandatory life sentence for a conviction for conspiracy to distribute 295 kilograms of cocaine with no prior felony convictions was not cruel and unusual punishment); *Hutto v. Davis*, 454 U.S. 370, 373-74 (1982) (affirming a 40-year sentence for possession of 9 ounces of marijuana with intent to deliver). See also *United States v. Looney*, 532 F.3d 392, (5th Cir. 2008) (holding a 45-year sentence for conspiracy to possess with intent to distribute methamphetamine and firearms offenses may be "unduly harsh" but does not violate the Eighth Amendment).

Additionally, the Court is not required to "avoid sentencing disparities between co-defendants who might not be similarly situated." *United States v. Guillermo Balleza*, 613 F.3d 432, 435 (5th Cir. 2010). In fact, the Fifth Circuit has routinely held a defendant cannot "attack his own guideline range sentence based upon the sentences of his coconspirators." *United States v. Arlen*, 947 F.2d 139, 147 (5th Cir. 1991); *see also United States v. Sparks*, 2 F.3d 574, 587 (5th Cir. 1993); *United States v. Rodriguez*, 990 F.2d 1252 (5th Cir. 1993); *United States v. Harrison*, 918 F.2d 469, 475 (5th Cir. 1990); *United States v. Pierce*, 893 F.2d 669, 678 (5th Cir. 1990).

### E.      Evidentiary hearing

A hearing is not required to dispose of issues raised in a § 2255 motion if the motion and record in the case conclusively show relief is not appropriate. *United States v. Samuels*, 59 F.3d 526, 530 (5th Cir. 1995). The record in this case conclusively shows Avila-Jaimes is not entitled to relief and, therefore, his request for an evidentiary hearing is denied.

### Conclusion

An appeal may not be taken to the court of appeals from a final order in a § 2255 proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c) (1)(A). Pursuant to Rule 11 of the Federal Rules Governing Section 2255 Proceedings, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability may issue only if a movant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In cases where a district court rejects a movant's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would

find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, reasonable jurists could not debate the denial of Avila-Jaimes's § 2255 motion on substantive or procedural grounds, nor find the issues presented are adequate to deserve encouragement to proceed. *Miller–El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484). Thus, a certificate of appealability shall not be issued.

Accordingly,

**IT IS ORDERED** that Movant Oscar Avila-Jaimes's Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 [ECF No. 978] is **DENIED**.

**IT IS ORDERED** that the request for an evidentiary hearing is **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

SIGNED this the 28th day of September 2018.

/s/ Sam Sparks
SAM SPARKS
SENIOR UNITED STATES DISTRICT JUDGE